ALBERT GALL CO. *v.* DOWAGIAC GAS CO.

1. MECHANICS' LIENS — APPLICATION OF PAYMENTS — PERSONAL
   PROPERTY—FIXTURES.
   In a suit to enforce a mechanics' lien for lumber and materi-
   als furnished to decorate defendant's office, partly furnished
   by complainant with personal property for which a sufficient
   payment had been made on the account, no error is commit-
   ted in decreeing a lien for the amount remaining due on that
   portion of the account clearly owing for decorations and fix-
   tures. 3 Comp. Laws, §§ 10710–10736.

2. TIME—EVIDENCE—SUFFICIENCY.
   It was not error to grant the complainant relief under some
   testimony concerning the values and amounts furnished de-
   fendant in performance of the contract, in view of the ad-
   missions in defendant's answer and letters written the ma-
   terialman acknowledging the debt and postponing time of
   payment.

Appeal from Cass; Des Voignes, J. Submitted Feb-
ruary 15, 1910. (Docket No. 167.) Decided March 5,
1910.

Bill by the Albert Gall Company against the Dowagiac
Gas Company to enforce a mechanic's lien. From a de-
cree for complainant, defendant appeals. Affirmed.

*Charles E. Sweet*, for complainant.

*Coy W. Hendryx*, for defendant.

MOORE, J. This is a proceeding in chancery for the
purpose of enforcing a mechanics' lien against the defend-
ant as lessee of certain real estate in the city of Dowagiac.
The defendant answered. In the answer is the following:

"That the said complainant did do some work for said
defendant at the city of Dowagiac in the way of counters,
and in and about some furniture in the office, of plat-
forms, shelving, and other things; that the said complain-

ant agreed that the same should be done in a workmanlike manner and from the best of materials, but that, instead of doing the same in a workmanlike manner and from good material, it was done in an unworkmanlike manner and from poor material, so that the work has shrunk, and left cracks and openings therein, and other things, which render its use and availability as a decoration of little use to the defendant, by reason whereof the defendant has sustained great injury and damage to a large amount, to wit, the sum of $1,000, which said damages the said defendant will recoup against any claim that may be proved against it by the said complainant on the hearing of this case, and will apply the same, or as much thereof as may be necessary, to the satisfaction of the said claim, if any, which the said complainant may prove."

A replication was filed, a hearing was had in open court, and a decree entered in favor of complainant. The case is brought here by appeal.

The solicitor for the defendant discusses the question involved under two propositions, as follows:

"*First.* That the property in question is not of the character contemplated or that can be reached by the statute under which the bill is filed, but complainant's remedy is under the statute providing for liens on personal property.

"*Second.* There is no competent proof shown by the testimony tending to prove any of the contentions of complainant. While there is testimony none of it rises to the dignity of proof."

1. The complainant has brought the proceeding under sections 10710–10736, 3 Comp. Laws. It is the contention of defendant that, as the work done was upon personal property, and the material furnished was also personal property, the complainant has selected the wrong remedy. The defendant did not aid the court in determining the character of the work done and the materials furnished, as it swore no witnesses. It appears in the record that defendant had a lease of certain real estate in Dowagiac for a term of years, and that it entered into a contract with complainant to decorate the walls and fit the same up as a place of business, and that this contract

was carried out. It appears affirmatively that the walls were decorated; that the store front was painted; that a large quantity of fixtures and furniture were made expressly for the place of business of defendant, and attached permanently, so there can be no possible question that complainant is pursuing the proper remedy as to the bulk of its claim. On the cross-examination it did appear that 12 shades were furnished of the aggregate value of $18. It also appeared that there was one pedestal top, two pedestals, three window seats, and one wrapping table that were movable, and should be regarded as personal property. The payment which was made upon the contracts would much more than pay for what is clearly shown to be personal property, so that we cannot say the court erred in establishing a lien for the amount, and as stated in the decree.

2. It is urged complainant's case must fail for want of competent proof. We have already quoted from the answer sufficient to show that defendant admitted therein that complainant did work and furnished material for defendant, and claimed it was poor material and bad workmanship, and claimed the right to recoup therefor. Upon the trial, no effort was made to show such a condition as would entitle defendant to recoup.

Complainant put in considerable testimony tending to establish the case stated in the bill of complaint. After the work was completed, and under date of December 19, 1907, the president of defendant company wrote complainant inclosing a check for $150 and closing with the statement:

"We expect to make payment of all or a larger part of this account within a short time."

Under date of December 31, 1907, the president of the company again wrote complainant, and in the letter was the following:

" I note your statement that you expect the balance of the Dowagiac Gas Company account settled before the 1st

of January.   Such payment is impossible.   In this connection I would state that we have already paid this month all that can be spared from current receipts.   Further payment will be made next month after we have made our collections and the whole account will be paid if an impending bond sale is completed, which is held back by the banks of the country having the lid on so tight.   All this I have explained to your Mr. Albert Gall."

Mr. Gall testified to the conversation referred to in the letter to the effect that the account was examined by the president, and approved, and that he was assured it would be paid soon.   We do not think there was any failure to make a case.

Decree is affirmed, with costs.

HOOKER, McALVAY, BROOKE, and STONE, JJ., concurred.